IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| JOHN J. TAURO, | ) |
| Plaintiff, | ) 2:14-CV-00761-NBF-CRE |
| vs. | ) |
| CONVERGENT OUTSOURCING, INC., | ) |
| Defendant, | ) |

## MEMORANDUM ORDER

**Cynthia Reed Eddy, United States Magistrate Judge.**

Defendant Convergent Outsourcing, Inc. ("Convergent") removed this action from the Magisterial District Court of Allegheny County, Pennsylvania to this Court on June 16, 2014. (ECF No. 1). Shortly thereafter, Plaintiff John J. Tauro ("Tauro") filed an amended complaint, (ECF No. 3), to which Convergent filed an answer, (ECF No. 5). On July 8, 2014, the Court, through the undersigned, granted Convergent's motion to stay proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") regarding transfer of this case to the United States District Court for the District of Connecticut ("the transferee court") for coordinated and consolidated pretrial proceedings as part of MDL No. 2478. (ECF No. 9). Tauro filed objections to said Order to the assigned United States District Judge, which were overruled. (ECF No. 15). On October 9, 2014, the JPML filed an order of transfer pursuant to 28 U.S.C. § 1407 with the transferee court. (ECF Nos. 16, 17, 21-1). The case has remained stayed and administratively closed in this Court since the order of transfer was filed in 2014.

Although the pretrial proceedings remain ongoing in the transferee court and the judge in those proceedings recently considered and denied Tauro's motion to amend his complaint, (ECF

1

No. 21-1, entries from 6/21/2017), Tauro has nevertheless filed an identical motion with this Court seeking permission to amend his complaint. (ECF No. 18). The motion has been fully briefed by the parties. (ECF Nos. 20-22). After review of the parties' arguments made in connection with this motion, the Court concludes that the motion must be dismissed because the Court lacks jurisdiction to consider it.[1]

Under these circumstances, "[o]nce an order of transfer is entered the transferor court is deprived of jurisdiction until the case is returned to the transferor court." *Bouchard v. CBS Corp.*, 2012 WL 1344388, *2 (E.D. Pa. 2012) (citing *In re UpJohn Co. Antibiotic Cleocin Prod. Liab. Litig.*, 664 F.2d 114, 118 (6th Cir. 1981)); *see also In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1229-31 (9th Cir. 2006). Here, the Court, as the transferor court, was divested of jurisdiction on October 9, 2014 when the order of transfer was filed with the transferee court. The case has not yet been remanded to this Court. Accordingly, the Court currently lacks jurisdiction to review the merits of Tauro's pending motion. The Court will, therefore, dismiss the motion without prejudice. *See Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999); *Robco of Am., Inc. v. Ins. Co. of N.A.*, 845 F.Supp. 1112, 1116 (W.D. Pa. 1994).

**AND NOW**, this 22nd day of August, 2017, it is hereby **ORDERED** that Tauro's motion to amend his complaint (ECF No. 18) is **DISMISSED WITHOUT PREJUDICE**.

---

[1] Under 28 U.S.C. § 636(b) and Rule 72 of the Federal Rules of Civil Procedure, magistrate judges have authority to issue orders on nondispositive motions. *See Equal Employment Opportunity Comm'n v. City of Long Branch*, __ F.3d __, 2017 WL 3273407, *3 (3d Cir. 2017) ("a motion is dispositive if a decision on the motion would effectively determine a claim or defense of a party"). A motion to amend a pleading constitutes a "nondispositive pretrial matter" that a "magistrate judge [is] authorized to decide . . . finally" by issuance of an order, although said order may be appealed to the District Court under a "clearly erroneous or contrary to law" standard. *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250-51 (3d Cir. 1998); *see also Patel v. Meridian Health Sys., Inc.*, 666 Fed. App'x 133, 135 (3d Cir. 2016) ("a motion for leave to amend is nondispositive").

**IT IS FURTHER ORDERED THAT** the case remains stayed and administratively closed until it is remanded to this Court.

**IT IS FURTHER ORDERED THAT**, in accordance with 28 U.S.C. § 636(b)(1), Rule 72 of the Federal Rules of Civil Procedure, and Local Civil Rule of Court 72.D., Objections to this Order are due on or before September 5, 2017. Failure to file objections will waive the right to appellate review. *City of Long Branch*, 2017 WL 3273407, at *4.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered users of CM-ECF